# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RIVERCARD, LLC,

   Plaintiff(s),

v.

POST OAK PRODUCTIONS, INC., et al.,

   Defendant(s).

2:12-CV-1150 JCM (CWH)

## ORDER

Presently before the court is defendant Scot Patriquin's motion to dismiss. (Doc. # 20). Plaintiff Rivercard, LLC responded (doc. # 22), and defendant Patriquin replied (doc. # 27).

Also before the court is plaintiff's application for default judgment against defendant Patriquin. (Doc. # 21). Defendant Patriquin responded. (Doc. # 26).

**I. Background**

The facts alleged in the complaint establish that the instant dispute centers around plaintiff's purchase of stock in defendant Patriquin's Canadian client, Post Oak Productions. (Doc. # 1). On or about April 7, 2010, plaintiff invested approximately $1,000,000 in Post Oak Productions under two separate agreements. (Doc. # 1, 4:19-25). Plaintiff contends that the investments were contingent on several conditions being satisfied, including Post Oak Productions being awarded an exclusive contract from Harrah's Interactive Entertainment to operate the World Series of Poker online training website. (Doc. # 1, 6:4-7). Approximately $800,000 was paid for a 25% interest in the company

**James C. Mahan**
**U.S. District Judge**

through a subscription agreement, while $200,000 was transferred in the form of a loan through a loan agreement, payable after a year upon presentation of a demand note. (*Id.*)

Plaintiff alleges that the necessary documents related to closing were not perfected and completed, due to the fault of all named defendants. (Doc. # 1, 7:23-25). Plaintiff also alleges that defendants failed to issue the 25% interest in Post Oak Productions (doc. # 1, 8:1-3), and instead issued plaintiff shares in an unrelated shell company, believed to be named 2084701 Ontario, Inc. (doc. # 1, 8:4-6).

Defendant Patriquin is a Canadian-based attorney who advised defendant Post Oak Productions and its officers, Jeff Goldenberg and Brandon Rosen.[1] (Doc. # 1).

Plaintiff filed suit against Patriquin, Goldenberg, Rosen, and Post Oak Productions. Plaintiff alleges nine causes of action against defendant Patriquin: (1) fraudulent/intentional misrepresentation; (2) failure to disclose material facts; (3) RICO violations/wire fraud (18 U.S.C. § 1961-1968); (4) RICO violations/mail fraud (18 U.S.C. § 1961-1968); (5) RICO violations pursuant to NRS § 207.470; (6) violation of United States securities laws; (7) violation of Nevada securities laws and Blue Sky laws; (8) civil conspiracy/concert of action; and (9) punitive damages.

Defendant Patriquin brings the instant motion on the basis that plaintiff's complaint fails to state a claim under Rule 12(b)(6) and Rule 9(b).

**II.    Motion to dismiss (doc. # 20)**

    **A.    Legal standards**

        **I.    Rule 12(b)(6)**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

---

[1] Goldenberg and Rosen are also named defendants.

1  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### ii.     Rule 9

Rule 9 provides that for a party to allege fraud, he "must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Assertions of fraud must include "the who,

what, when, where, and how" of the misconduct alleged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9 serves several purposes, including: (1) providing defendants with adequate notice so they are able to defend the charge and deter plaintiffs from filing complaints "'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *In re Stac Elecs. Sec Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996) (citation omitted)).

In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme to satisfy the fraud pleadings rule. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

**B.     Discussion**[2]

The court addresses all those claims alleged against defendant Patriquin.

### I.     Fraudulent/intentional misrepresentation (claim 5)

Fraud/intentional misrepresentation require that the plaintiff state "(1) the defendant made a false representation; (2) with the knowledge or belief that the representation was false (knowledge that it had an insufficient basis for making the representation); (3) and was made with the intention

---

[2] As an initial matter the court notes that this is defendant Patriquin's second Fed. R. Civ. P. 12(b) motion. (*See* doc. # 12). Plaintiff argues that defendant Patriquin's instant motion is untimely in violation of Fed. R. Civ. P. 12(g)(2) because it does not fall within the exceptions outlined in Fed. R. Civ. P. 12(h)(2) or (3). Here, only the exceptions listed in Fed. R. Civ. P. 12(h)(2) are argued to permit this successive motion for failure to state a claim. While some courts have interpreted Rule 12(h)(2) restrictively, permitting successive motions only in those instances outlined in the Rule; other courts have allowed a party to raise these defenses at times other than those outlined.

Provided that defendant Patriquin's previous motion was based solely on personal jurisdiction, and given this early stage in litigation, the more permissive approach is appropriate here. *See In re Hammer*, 940 F.2d 524, 525 (9th Cir.1991) (recognizing a general presumption to try cases on their merits). Thus, the court finds that the instant motion falls within the exceptions listed in Rule 12(h)(2). *See* § 1392 Waiver of Certain Defenses Rule 12(h)(2), 5C Fed. Prac. & Proc. Civ. § 1392 (3d ed.); *see also Billing v. CSA-Credit Solutions of Am., Inc.*, 10-CV-0108 BEN (NLS), 2010 WL 2542275 (S.D. Cal. 2010); *see also Wilson-Combs v. California Dep't of Consumer Affairs*, 555 F. Supp. 2d 1110, 1113 n.3 (E.D. Cal. 2008). As such, the court declines to strike defendant Patriquin's instant motion as procedurally defective and moves to the merits of the motion.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  of inducing the party to act or refrain from acting upon the misrepresentation; (4) plaintiff justifiably
2  relied upon the misrepresentation; and (5) plaintiff suffered damage as a result of the reliance."
3  *Scaffidi v. United Nissan*, 425 F.Supp.2d 1159, 1168–69 (D.Nev. 2005).

4  Plaintiff's complaint fails to state with sufficient particularity what representations were false.
5  Paragraph 69 is likely the most specifically pleaded paragraph in this cause of action as it states that
6  defendant Patriquin created an email on or about April 9, 2010, that contained "[n]umerous material
7  misrepresentation" (doc. # 1, 14:1); however, the paragraph fails to state what representations were
8  false or how the representations were false. Further, all other paragraphs in this cause of action fail
9  to allege "the who, what, when, where, and how," *Vess*, 317 F.3d at 1106, to provide defendant
10 Patriquin adequate notice of the alleged wrongdoing. Even when the "who," "when," and "where"
11 are alleged, plaintiff fails to include the "what" and "how."

12 The alleged misrepresentations are not only in possession of defendants. Plaintiff alleges that
13 it relied on emails and other forms of correspondence that caused it damage. On that basis, plaintiff
14 is in possession of this correspondence and should be able, with specificity, to describe the
15 representations that Patriquin allegedly made to it.

16 Defendant Patriquin's motion as to plaintiff's claim for fraudulent/intentional
17 misrepresentation is GRANTED.

### ii.     Failure to disclose material facts (claim 6)

19 Defendant Patriquin argues that plaintiff's claim for failure to disclose material facts is
20 merely an element of plaintiff's fraud/intentional misrepresentation claim. Defendant Patriquin
21 argues that the first factor, false representation, includes the omission of a material fact which a party
22 in good faith is bound to disclose. Plaintiff appears to concede defendant Patriquin's understanding
23 of its claim. As such, the court's analysis *supra* II.B.ii. sufficiently addresses this cause of action.

24 Accordingly, defendant Patriquin's motion as to plaintiff's claim for failure to disclose
25 material facts is GRANTED.

26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 5 -

### iii.    RICO claims (claims 7–9)

"To state a civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)).

Under Nevada law, RICO claims must also be pleaded with specificity. *Hale v. Burkhardt*, 104 Nev. 632, 638 (1988). "A civil RICO pleading must, in that portion of the pleading which describes the criminal acts that the defendant is charged to have committed, contain a sufficiently 'plain, concise and definite' statement of the essential facts such that it would provide a person of ordinary understanding with notice of the charges." *Cummings v. Charter Hosp. of Las Vegas*, Inc., 111 Nev. 639, 646 (1995) (citation omitted). "This means the complaint should provide information as to 'when, where and how' the underlying criminal acts occurred." *Id.* (citation omitted).

In its complaint, the plaintiff alleges the predicate acts of wire and mail fraud. "Wire or mail fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010). Plaintiff must plead these allegations of fraud under Fed. R. Civ. P 9(b)'s heightened pleading requirements.

Plaintiff's complaint fails to state what representations defendant Patriquin made, when they were made, and how they were false. Plaintiff's RICO claims group defendant Patriquin with other defendants and fail to identify "when, where and how" *Cummings*, 111 Nev. at 646, defendant Patriquin engaged in wire fraud, mail fraud, or unlawfully took plaintiff's money.

Defendant Patriquin's motion as to plaintiff's RICO claims is GRANTED.

### iv.    Violation of United States & Nevada securities laws and Blue Sky laws (claims 10-11)

Plaintiff's allegations for violations of securities law are fraud-based claims because each alleges:

> Defendants, through the above-described affirmative acts and material omissions, and utilizing the means and/or instrumentalities of interstate commerce, acted in concert in a fraudulent scheme with the intent to defraud Plaintiff out of approximately One Million Dollars ($1,000,000) in connection with the purchase of a security.

(Doc. # 1, ¶¶ 123, 130). Because these are fraud-based claims, each must be pleaded with specificity. *See* FED. R. CIV. P. 9(b). However, here, plaintiff's securities law claims do not provide any factual allegations as to defendant Patriquin. *Swartz*, 476 F.3d at 764. While plaintiff's complaint does state that defendants' conduct, generally, violated securities laws, that is not sufficient particularity provided the violations are grounded in fraud. As such, the court finds dismissal of these securities law violations appropriate.

Defendant Patriquin's motion as to plaintiff's claims for violation of United States and Nevada securities laws and Blue Sky laws is GRANTED.

### v.  Civil conspiracy/concert of action (claim 13)

Conspiracy is not an independent cause of action in and of itself, but must be premised on an intentional tort. *See Eikelberger v. Tolotti*, 96 Nev. 525, 528 (1980) ("It is necessary for the act in furtherance of the conspiracy to constitute an actionable tort."). For a claim for civil conspiracy, "the complaint must allege: (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting from such act or acts." *Ungaro v. Desert Palace, Inc.*, 732 F.Supp. 1522, 1532, n.3 (D.Nev.1989). To allege a conspiracy to defraud, a complaint must meet the particularity requirements of Fed. R. Civ. P. 9(b) and inform each defendant of its actions that constituted joining the conspiracy. *Grazione v. Am. Home Prods. Corp.*, 202 F.R.D. 638, 642 (D.Nev. 2001).

Defendant Patriquin argues that because the underlying tort claims fail, so does plaintiff's claim for civil conspiracy. The court agrees.

Defendant Patriquin's motion as to plaintiff's claim for civil conspiracy/concert of action is GRANTED.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

### vi. Punitive damages (claim 14)

With respect to the fourteenth cause of action, the court grants defendant Patriquin's motion to dismiss the claim for punitive damages because punitive damages is a remedy and not a claim. *See Zaragoza v. Bennett–Haron*, 828 F.Supp.2d 1195, 1202 (D.Nev. 2011) (acknowledging that punitive damages is a remedy and not a claim). The court notes that plaintiff seeks punitive damages as a remedy in its prayer for relief.

Defendant Patriquin's motion as to plaintiff's claim punitive damages is GRANTED.

## II. Motion for default judgment (doc. # 21)

Plaintiff filed a motion for default judgment against defendant Patriquin. (Doc. # 21). Because the court has found defendant Patriquin's second Fed. R. Civ. P. 12(b) motion was not procedurally defective as it fell within the exceptions outlined in Fed. R. Civ. P. 12(h)(2) to Fed. R. Civ. P. 12(g), defendant Patriquin has " plead[ed] or otherwise defend[ed]" in the instant action as required under Fed. R. Civ. P. 55(a).[3] Further, the court recognizes the policy that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citation omitted). Thus, entry of default and default judgment against defendant Patriquin is inappropriate here.[4]

. . .

. . .

. . .

. . .

---

[3] Defendant Partiquin answered plaintiff's complaint on February 1, 2013. (*See* doc. # 25).

[4] Defendant Patriquin's first motion to dismiss was timely filed within the deadline provided for in doc. # 11. However, the docket does not reflect several extensions that both plaintiff and defendant Patriquin state they agreed to. Local Rule 7-1(b) states,

> No stipulations relating to proceedings before the court except those set forth in Fed. R. Civ. P. 29 shall be effective until approved by the court. Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with the approval of the Court.

Although these stipulations were not approved by the court, the court finds that the parties have consented to this time schedule. (*See* doc. # 21, 4:3-5; *see* doc. # 26, 9:14-18).

James C. Mahan
U.S. District Judge

- 8 -

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Scot Patriquin's motion to dismiss (doc. # 20) be, and the same hereby is, GRANTED. Plaintiff's complaint is dismissed without prejudice against defendant Patriquin.

IT IS FURTHER ORDERED that plaintiff Rivercard, LLC's application for default judgment against defendant Patriquin (doc. # 21) be, and the same hereby is, DENIED.

DATED May 6, 2013.

_____
**UNITED STATES DISTRICT JUDGE**