1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIVERCARD, LLC,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀) | |
| ⠀⠀⠀⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀) | Case No.  2:12-cv-01150-JCM-CWH |
| vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀) | **ORDER** |
| POST OAK PRODUCTIONS, INC., *et al*.,⠀) | |
| ⠀⠀⠀⠀⠀⠀⠀Defendants.⠀⠀⠀) | |

⠀⠀⠀⠀⠀⠀This matter is before the Court on the Defendant Brandon Rosen's Motion to Stay Discovery (#46), filed May 31, 2013.

⠀⠀⠀⠀⠀⠀Defendant Rosen seeks a stay of discovery pending resolution of his Rule 12(c) motion for judgment on the pleadings.  *See* Mot. (#44).  Courts have broad discretionary power to control discovery.  *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court undertook a review of the state of the law as it pertains to staying discovery when a dispositive motion is pending.  The court held that, in light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach in this District remains as has been previously set forth in *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997).   That is, generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting*, 175 F.R.D. at 554, 555-6 (quoting *Twin City*, 124 F.R.D. at 653).

⠀⠀⠀⠀⠀⠀The party seeking a stay of discovery "carries the heavy burden of making a strong showing

1    why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175

2    F.R.D. at 556.  An overly lenient standard for granting requests to stay would result in unnecessary

3    delay in many cases.  Courts generally insist on a particular and specific demonstration of fact as

4    opposed to merely conclusory statements that a stay is warranted.  *Twin City*, 124 F.R.D. at 653.

5    Evaluation of a request for a stay often requires a magistrate to take a "preliminary peek" at a

6    pending dispositive motion.  This "preliminary peek" is not intended to prejudge the outcome, but

7    to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of

8    Rule 1." *Tradebay*, 278 F.R.D. at 601 (citation omitted).  That discovery may involve

9    inconvenience and expense is not sufficient, standing alone, to support a stay of discovery.  *Turner*

10   *Broadcasting*, 175 F.R.D. at 601.  Preliminary issues such as jurisdiction, venue, or immunity are

11   common situations that may justify a stay.  *See Twin City*, 124 F.R.D. at 653.

12          The Court notes the motion for stay is unopposed.  Pursuant to Local Rule 7-2(d), "[t]he

13   failure of a moving party to file points and authorities in response to any motion shall constitute

14   consent to the granting of the motion."  The Court separately finds that Defendant Rosen has met

15   his burden to show that a stay of discovery is appropriate.  Rosen is, in virtually all particulars, in

16   the same position as Defendant Patriquin whose motion to dismiss was recently granted.  *See* Order

17   (#41).  In his opposition to Defendant's motion (#44), Plaintiff incorporates the arguments made in

18   response to the prior motion to dismiss, which were rejected in the Court's order (#41).  *See* Resp.

19   (#48) at 3:24 - 4:2.  Restating already rejected arguments without additional explanation or

20   clarification is, in the undersigned's view, insufficient to oppose a stay of discovery and is

21   tantamount to a non-opposition.  Plaintiff did provide additional or supplemental argument

22   regarding its claims for unjust enrichment and breach of contract, but consistent with Rule 1's

23   charge to "secure the just, speedy, and inexpensive determination of every action" the undersigned

24   concludes that a stay of discovery is warranted to prevent the unnecessary expenditure of the parties

25   time and funds, as well as conserve judicial resources, while it is determined what, if any, causes of

26   action will be permitted to go forward.

27          Based on the foregoing and good cause appearing therefore,

28          **IT IS HEREBY ORDERED** that Defendant Brandon Rosen's Motion to Stay Discovery

(#46) is **granted**.  Discovery in this action shall be stayed pending resolution of Defendant Rosen's Motion for Judgment on the Pleadings (#44).

DATED this 10th day of July, 2013.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

3