UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIVERCARD, LLC, ) | |
| Plaintiff, ) | Case No.  2:12-cv-01150-JCM-CWH |
| vs. ) | **ORDER** |
| POST OAK PRODUCTIONS, INC., *et al*., ) | |
| Defendants. ) | |

This matter is before the Court on the Defendant Brandon Rosen's Motion to Stay Discovery (#46), filed May 31, 2013.

Defendant Rosen seeks a stay of discovery pending resolution of his Rule 12(c) motion for judgment on the pleadings. *See* Mot. (#44).  Courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court undertook a review of the state of the law as it pertains to staying discovery when a dispositive motion is pending.  The court held that, in light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach in this District remains as has been previously set forth in *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997).   That is, generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting*, 175 F.R.D. at 554, 555-6 (quoting *Twin City*, 124 F.R.D. at 653).

The party seeking a stay of discovery "carries the heavy burden of making a strong showing

why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. Courts generally insist on a particular and specific demonstration of fact as opposed to merely conclusory statements that a stay is warranted. *Twin City*, 124 F.R.D. at 653. Evaluation of a request for a stay often requires a magistrate to take a "preliminary peek" at a pending dispositive motion. This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Tradebay*, 278 F.R.D. at 601 (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 601. Preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay. *See Twin City*, 124 F.R.D. at 653.

The Court notes the motion for stay is unopposed. Pursuant to Local Rule 7-2(d), "[t]he failure of a moving party to file points and authorities in response to any motion shall constitute consent to the granting of the motion." The Court separately finds that Defendant Rosen has met his burden to show that a stay of discovery is appropriate. Rosen is, in virtually all particulars, in the same position as Defendant Patriquin whose motion to dismiss was recently granted. *See* Order (#41). In his opposition to Defendant's motion (#44), Plaintiff incorporates the arguments made in response to the prior motion to dismiss, which were rejected in the Court's order (#41). *See* Resp. (#48) at 3:24 - 4:2. Restating already rejected arguments without additional explanation or clarification is, in the undersigned's view, insufficient to oppose a stay of discovery and is tantamount to a non-opposition. Plaintiff did provide additional or supplemental argument regarding its claims for unjust enrichment and breach of contract, but consistent with Rule 1's charge to "secure the just, speedy, and inexpensive determination of every action" the undersigned concludes that a stay of discovery is warranted to prevent the unnecessary expenditure of the parties time and funds, as well as conserve judicial resources, while it is determined what, if any, causes of action will be permitted to go forward.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Brandon Rosen's Motion to Stay Discovery

(#46) is **granted**. Discovery in this action shall be stayed pending resolution of Defendant Rosen's Motion for Judgment on the Pleadings (#44).

DATED this 10th day of July, 2013.

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**