# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RIVERCARD, LLC,

        Plaintiff(s),

v.

POST OAK PRODUCTIONS, INC., et al.,

        Defendant(s).

2:12-CV-1150 JCM (CWH)

**ORDER**

Presently before the court is defendant Brandon Rosen's motion for judgment on the pleadings. (Doc. # 44). Plaintiff Rivercard, LLC filed an opposition (doc. # 48), and defendant Rosen replied (doc. # 49).

**I.    Background**

The allegations in the complaint revolve around plaintiff's purchase of stock in defendant Post Oak Productions, Inc ("Post Oak"). Plaintiff claims that it entered into an investment agreement with Post Oak in April 2010 for the purposes of, among other things, marketing and advertising a website for the "World Series of Poker Academy." Defendant Rosen was neither a party nor a signatory to the investment agreement between plaintiff and Post Oak. Plaintiff specifically alleges that defendant Rosen agreed to "side deals" with World Series of Poker players, and improperly received funds paid to Post Oak in the investment agreement.

. . .

**James C. Mahan**
**U.S. District Judge**

1   Plaintiff initially put forward fourteen separate claims against defendant Rosen, including:
2   (1) breach of contract; (2) tortious breach of the covenant of good faith and fair dealing; (3) breach
3   of fiduciary duty; (4) fraud/intentional misrepresentation; (5) failure to disclose material facts; (6)
4   federal RICO violations/wire fraud; (7) federal RICO violations/mail fraud; (8) Nevada RICO
5   violations; (9) violations of federal securities laws; (10) violations of Nevada securities laws; (11)
6   unjust enrichment; (12) civil conspiracy/concert of action; (13) "punitive damages"; and (14) alter
7   ego.

8   Defendant now requests that the court grant judgment in his favor on all claims against him
9   pursuant to Federal Rule of Civil Procedure 12(c). In response, plaintiff raises arguments relating
10  only to its claims of breach of contract and unjust enrichment.

**II.    Legal standard**

Motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) are "functionally identical" to motions for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The primary difference between the two is that a "Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole, and not merely the complaint." *Amerson v. County of Clark*, 2011 WL 4433751, *1-2 (D. Nev. September 21, 2011) (*citing Aponte-Teorres v. Univ. of Puerto Rico*, 445 F.3d 50, 54-55 (1st Cir. 2006).

In reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings is appropriate when, taking everything in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007); *Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

**III.     Discussion**

Defendant Rosen requests that the court award judgment in his favor on all the claims asserted against him in this case. The court will discuss Rosen's arguments as to (1) the unjust enrichment claim, (2) the breach of contract claim, and (3) all of the other claims in turn.

(1) Unjust enrichment

Under Nevada law, unjust enrichment is an equitable doctrine that allows recovery of damages "whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Unionamerica Mortgage & Equity Trust v. McDonald*, 626 P.2d 1272, 1273 (Nev. 1981); *see also Asphalt Products v. All Star Ready Mix*, 898 P.2d 699, 701 (Nev. 1995).

In this case, Rosen argues that plaintiff does not assert a claim for which relief can be granted under the doctrine of unjust enrichment because plaintiff does not allege that Rosen received any benefit directly from plaintiff. However, direct conferral of a benefit upon a defendant is not necessary under the doctrine of unjust enrichment.[1]

In its complaint, plaintiff alleges that it conferred a benefit upon Post Oak of approximately one million dollars, and that instead of performing as promised under the contract, Post Oak "improperly paid monies to defendants Rosen and Goldenberg to the detriment of plaintiff and other shareholders." (Doc. # 1 p. 8:14-18). Plaintiff allegedly agreed to the investment deal with Post Oak in reliance on misrepresentations made by Rosen regarding an exclusive agreement between Post Oak and Harrah's Entertainment. (*Id.* p. 7:9-11). The combination of these allegations, taken as true, is sufficient as a matter of law to conclude that Rosen has retained a benefit which in equity and good conscience belongs to plaintiff. Therefore plaintiff has sufficiently alleged a claim for unjust enrichment, and Rosen's motion will be denied as to this claim.

(2) Breach of contract

Under Nevada law, a claim against a defendant for breach of contract requires that a

---

[1] Rosen does argue that a direct conferral of a benefit by a plaintiff to a defendant is necessary for an unjust enrichment claim, however the passage he cites to specifically discusses the requirements of a *quasi-contract*. *Unionamerica*, 626 P.2d at 1273. Later in the same opinion, the Nevada Supreme Court defined unjust enrichment as a much broader doctrine. *Id.*

defendant be a party to the contract. *See Clark Cnty. v. Bonanza No. 1*, 615 P.2d 939, 943 (Nev. 1980). Here, plaintiff does not allege that Rosen was a party or even a signatory to the contract at issue, and therefore it has not sufficiently stated a claim for breach of contract. As such, Rosen's motion will be granted as to plaintiff's breach of contract claim.

(3) All other claims against Rosen

In its response to the instant motion, plaintiff fails to raise any arguments that have not already been decided upon by the court as to why Rosen is not entitled to judgment pursuant to rule 12(c) on the remaining twelve claims.[2]

For this reason, the court will grant Rosen's motion as it relates to the following claims: (claim three) tortious breach of the covenant of good faith and fair dealing; (claim four) breach of fiduciary duty; (claim five) fraud/intentional misrepresentation; (claim six) failure to disclose material facts; (claim seven) federal RICO violations/wire fraud; (claim eight) federal RICO violations/mail fraud; (claim nine) Nevada RICO violations; (claim ten) violations of federal securities laws; (claim eleven) violations of Nevada securities laws; (claim thirteen) civil conspiracy/concert of action; (claim fourteen) "punitive damages"; and (claim fifteen) alter ego.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Brandon Rosen's motion for judgment on the pleadings (doc # 44) is GRANTED IN PART.

. . .

. . .

. . .

. . .

. . .

---

[2] Though plaintiff does make a request to "reiterate and rely upon the arguments it set forth in its response to defendant Patriquin's motion to dismiss," it does not state how these claims fare any better against Rosen than they did against Patriquin. For the same reasons that the court was not persuaded plaintiff's arguments when it granted the prior motion, the court does not find them persuasive here. (*See* doc. # 41).

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    IT IS FURTHER ORDERED that defendant Brandon Rosen is entitled to judgment in his favor as to plaintiff's first, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, thirteenth, fourteenth, and fifteenth claims.

DATED December 26, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**